REDMANN, Judge.
Defendant in this suit on his note appeals from the dismissal of his third party demand on an exception. Defendant pleads lack or failure of consideration for the note, which he allegedly gave to his former employer because of shortages on his beer delivery route, and he third-parties his former supervisor with the allegation that he did nothing save on instruction of his supervisor, and the supervisor is therefore liable for any shortages. We affirm the dismissal of defendant’s claim against his former supervisor as not presentable by third party demand in a suit on defendant’s note.
La.C.C.P. 1111 allows a defendant to bring into the suit a third party “who is or may be liable to him for all or part of the principal demand.” Defendant views this suit on his note as if it were a suit alleging his damaging his employer during his employment, in which case he might be authorized by C.C.P. 1111 to bring in his supervisor as a joint tortfeasor or as a person solidarily liable for breach of his employment contract. Defendant argues that by questioning the consideration for the note he converts the suit on the note into a suit on the underlying obligation for which the note was given, thus making it in effect a suit in tort or breach of contract, by which he should be able to third-party one allegedly also liable for the tort or breach.
We disagree. If defendant does not defeat the suit on the note by his plea to the consideration, the judgment that results will be one on the note, for its principal rather than the amount of proven damages, with interest at the rate and from the date the note provides rather than legal interest from judicial demand or contractual breach, and with attorney’s fees that the note provides rather than no attorney’s fees as is the case in a judgment in tort or breach of contract. The point of accepting a note is to avoid the problems of proof of liability and quantum in a damages claim, and defendant’s questioning consideration for the note requires only that plaintiff show some lawful cause, C.C. 1893, or consideration, such as forbearance to sue or prosecute defendant at the time on a claim of at least colorable validity. Plaintiff is not in this suit on a note required to prove the original tort or breach of contract claims.
Thus the third party demand shows neither that the third party is responsible on the note nor that judicial economy would be *278 served by allowing defendant’s claim against his former supervisor to be tried in a suit on defendant’s note. The third party demand was therefore properly dismissed as not presentable in this action.
Affirmed.